UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAWRENCE A. WOJDAK, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF THE TREASURY, et al., <br><br> Defendants. | Case No. C11-1417-MJP <br><br><br> REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff, proceeding *pro se*, has filed a proposed complaint and an application to proceed *in forma pauperis* ("IFP") in the above-entitled civil action against defendants for alleged "criminal obstructionism and blatant fraud in the processing of complaints." Dkt. 1, Att. 2. After careful consideration of plaintiff's proposed complaint, plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends that plaintiff's proposed complaint, Dkt. 1, Att. 2, be DISMISSED without prejudice for failure to state a claim upon which relief may be granted, and his IFP application, Dkt. 1, be DENIED as moot. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## II. BACKGROUND

Although plaintiff's proposed complaint filed on August 22, 2011, is largely undecipherable, plaintiff appears to be arguing that, after he was terminated from the IRS, the defendants engaged in fraudulent activity to dispose of his complaints. Dkt. 1, Att. 2. For example, plaintiff's complaint states that he was "wrongfully terminated to prevent an EEO Case from being filed." *Id.* at 1. Plaintiff goes on to state that the Department of Treasury, Department of Labor, and Equal Employment Opportunity Commission ("EEOC") all engaged in "nonsense" called "Complaint Processing [that] went on for years," providing a "coverup for the mess that has been created." *Id*. Plaintiff also submitted hundreds of letters that he wrote, addressed to several members of Congress, the IRS, the EEOC, the Department of Treasury, the Department of Labor, and the U.S. Attorney's Office. *Id.*, Atts. 3-6. Although his complaint does not include a demand for relief, plaintiff requests $25,000,000 on his civil cover sheet. Dkt. 1, Att. 7

## III. DISCUSSION

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The complaint must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Pursuant to 28 U.S.C. § 1915(e), the district court must dismiss the case "at any time" it determines the complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all IFP

1 proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.
2 2000).

3 Plaintiff's complaint fails to allege sufficient facts to place the defendants on notice of
4 the nature of plaintiff's claims or otherwise provide any basis for jurisdiction in this Court. *See*
5 Fed. R. Civ. P. 8(a). Specifically, the plaintiff fails to allege fraud with any specificity or
6 particularity. *See* Fed. R. Civ. P. 9(b). Plaintiff merely states that various government
7 agencies have engaged in "nonsense" and "idiocy" for years as he attempted to file complaints
8 regarding his termination. Dkt. 1, Att. 2. Plaintiff also fails to explain how any of defendants'
9 employees directly participated in causing any harm of constitutional or statutory dimension.
10 Although plaintiff indicated in his civil cover sheet that the cause of his complaint is for
11 "wrongful termination of person hired as disabled," it is unclear whether he has a claim as the
12 alleged violations are not identified in plaintiff's complaint. Dkt. 1, Att. 7. Finally, plaintiff
13 does not describe the relief he seeks from the Court in his complaint as required by Fed. R.
14 Civ. P. 8(a)(3). Dkt. 1, Att. 2. Accordingly, plaintiff has failed to state a claim against
15 defendants, and his complaint must be dismissed as frivolous.

16 The Court advises plaintiff of his responsibility to research the facts and law before
17 filing a complaint in order to determine whether his claim for relief is frivolous. If plaintiff
18 files a frivolous action, he may be sanctioned. *See* FRCP 11. The Court would likely impose a
19 sanction of dismissal on any frivolous complaint. If plaintiff files numerous frivolous or
20 malicious complaints, the Court may bar him from proceeding in this court. *See DeLong v.*
21 *Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing bar order requirements).

22 IV. CONCLUSION

23 For all of the foregoing reasons, the Court recommends that plaintiff's proposed
24 complaint, Dkt. 1, Att. 2, be DISMISSED without prejudice, and that his IFP application, Dkt.
25 //
26 //

REPORT AND RECOMMENDATION
PAGE - 3

1, be DENIED as moot. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). A proposed order accompanies this Report and Recommendation.

DATED this 7th day of September, 2011.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4